## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AWNTWANAY SWEPSON,

*Plaintiff,*

vs.

Case No. 24-CV-1144-EFM-BGS

WICHITA MARRIOTT,

*Defendant.*

## MEMORANDUM AND ORDER

United States Magistrate Judge Severson issued a Report and Recommendation ("R&R") recommending that this case be dismissed because the Complaint failed to state a claim. Plaintiff Awntwanay Swepson timely filed an objection addressing some, but not all, of the deficiencies in her Complaint. This Order addresses the remaining deficiencies and grants Plaintiff leave to file an amended complaint. If, however, Plaintiff's amended complaint does not address the issues raised in this Order, the Court will issue a ruling adopting Magistrate Judge Severson's R&R.

### I.    Factual and Procedural Background

Proceeding pro se, Plaintiff brings this suit against Defendant Wichita Marriott alleging she was wrongfully terminated, retaliated against, and harassed because of her disability. Plaintiff moved to proceed *in forma pauperis*. In conjunction with reviewing that motion, Magistrate Judge Severson issued an R&R recommending that Plaintiff's Complaint be dismissed for failure to state a claim.

Magistrate Judge Severson construed the Complaint as asserting claims for employment discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA").[1] She determined that Plaintiff failed to allege sufficient facts to meet any of the elements of these claims. Specifically, as to Plaintiff's discrimination claim, she found that Plaintiff did not allege any disability or set forth any facts showing how her major life activities has been affected by her disability. As to Plaintiff's failure to accommodate claim, Magistrate Judge Severson noted that the Complaint does not contain any requests for accommodations from Plaintiff's employer. Instead, the Complaint only mentions that Plaintiff was told to get "off [her] ass." And, finally, as to Plaintiff's retaliation claim, Magistrate Judge Severson noted that Plaintiff does not allege why she was terminated, what protected activity she was engaged in before she was terminated, or if there is a relationship between the two.

On October 8, 2024, Plaintiff filed an "Amended Answer to Complaint," which Magistrate Judge Severson retitled as "Response/Objections" to the R&R. The "Response/Objections" is structured as an amended complaint. It contains allegations regarding jurisdiction, venue, and the parties. It also contains factual allegations regarding her disability, employment, and termination, and it sets forth her causes of action. The Court treats this document as Plaintiff's response to the R&R but is cognizant of the fact that it is the basis for any amended complaint Plaintiff may file.

Plaintiff's "Response/Objections" alleges that she was employed by Defendant from July 2022 to September 22, 2022. Plaintiff's job required her to maintain the cleanliness, organization, and high standards of service in the hotel. Plaintiff's tasks included cleaning and setting up function rooms, ensuring cleanliness and sanitation in work areas, and transporting dirty linens for

---

[1] 42 U.S.C. § 12101 *et seq.*

-2-

cleaning.  Plaintiff was also expected to support other departments as needed.  Plaintiff alleges that her employment required extensive physical activity, including standing, walking, lifting up to 50 pounds unassisted, and working on uneven surfaces.

As to her disability, Plaintiff alleges that she suffers from plantar fasciitis, a lower ankle injury, and other disabilities, all of which substantially limit her major life activities.  Plaintiff alleges that she disclosed her disabilities to Defendant during the interview process, and when she accepted the job, she requested reasonable accommodations, such as the ability to sit during extended periods of work.  Plaintiff claims that Defendant either ignored or dismissed her requests.

Plaintiff further alleges that on September 14, 2022, she was sitting down due to her "medical condition" when one of Defendant's employees approached her and yelled "get up off your ass and check on your room."  Plaintiff further alleges that on September 22, 2022, the same employee acted rudely and disrespectfully toward her when she was returning from checking on a room service order.  That same day, Plaintiff was terminated via a text message from her supervisor without any explanation.  Plaintiff alleges that her termination was in direct retaliation for reporting instances of harassment, discrimination, and for requesting reasonable accommodation related to her disability.

Plaintiff's "Response/Objections" sets forth the same causes of action as her Complaint: (1) disability discrimination under the ADA, (2) failure to accommodate under the ADA, and (3) retaliation under the ADA.  It also requests the Court grant her reinstatement of her previous position, back pay, front pay, compensatory damages, costs and attorneys' fees, damages for emotional distress, and punitive damages.

## II.     Legal Standard

When a plaintiff proceeds *in forma pauperis*, the Court may screen the complaint under 28 U.S.C. § 1915(e)(2).  The Court must dismiss an *in forma pauperis* case if it determines the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.[2]

In determining whether dismissal is appropriate for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the Court will analyze the complaint under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[3]  In conducting this analysis, the Court will determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4]  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[5]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[6]

Because Plaintiff is pro se, the Court must be mindful of additional considerations.  The Court will review her pleadings "liberally and hold[s] them to a less stringent standard than those

---

[2] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6] *Iqbal*, 556 U.S. at 678.

drafted by attorneys."[7]  However, the Court will not "assume the role of advocate for the pro se litigant."[8]

## III.    Analysis

Plaintiff asserts three claims under the ADA: (1) discrimination, (2) failure to accommodate, and (3) retaliation.  The Court addresses Magistrate Judge Severson's findings in the R&R and Plaintiff's "Response/Objections" as to each claim below.

## A.    Discrimination under the ADA

To state a plausible discrimination claim under the ADA, Plaintiff must show that (1) she is disabled as that term is defined under the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) she was discriminated against because of her disability.[9]  Magistrate Judge Severson found that Plaintiff's Complaint did not allege any of the elements of this claim.  In her "Response/Objections," Plaintiff partially corrects these deficiencies by alleging sufficient facts for the court to reasonably infer she was terminated because of her disability.  Plaintiff, however, still fails to provide sufficient factual allegations as to the first and second elements of her claim.

Plaintiff's allegations do not plausibly allege that she is "disabled" under the ADA.  A person is "disabled" under the ADA if she has "a physical or mental impairment that substantially limits one or more major life activities."[10]  To meet this definition, "a plaintiff must (1) have a

---

[7] *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (quotations omitted).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

[9] *Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1173 (D. Kan. 2017) (citing *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016)).

[10] 42 U.S.C. § 12102(1)(A).

recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities."[11]  As to the first element, Plaintiff states that she "suffers from plantar fasciitis, a lower ankle injury, and other disabilities, which substantially limit one or more major life activities, including but not limited to sitting, standing, weight-bearing, and lifting."  Plaintiff sufficiently identifies two physical impairments—plantar fasciitis and a lower ankle injury.  To the extent Plaintiff has additional physical impairments, she needs to allege them.

As to the second element, Plaintiff identifies several "major life activities" affected by her impairments—sitting, standing, weight-bearing, and lifting.  Plaintiff does not allege, however, any facts showing the third element of her disability—how her physical impairment substantially limits one of the major life activities.  According to the Tenth Circuit, "[a]n impairment is substantially limiting when it renders an individual either unable or significantly restricted in her ability to perform a major life activity compared to the average person in the general population."[12]  Here, Plaintiff's "Response/Objection" simply contains a recitation of this element of her claim.  To meet the plausibility standard, Plaintiff must set forth facts alleging how her impairment prevents or significantly restricts her ability to perform the major life activities discussed above.[13]

Plaintiff's allegations also do not satisfy the second element of her discrimination claim— that she is qualified with or without reasonable accommodations to perform her job.  Plaintiff

---

[11] *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011) (quoting *Berry v. T–Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007)).

[12] *Id*. at 1143 (quoting *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1218 (10th Cir. 2010)).

[13] *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (stating that a complaint must "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the element of a cause of action." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

provides no facts showing how or explaining why she is qualified to perform her job.  Nor does Plaintiff allege any facts showing how she could perform her duties even if Defendant provided her reasonable accommodations.   Plaintiff entirely ignores this element of her claim.

The Court is cognizant of Plaintiff's pro se status and recognizes that courts should give pro se plaintiffs a reasonable opportunity to amend unless the amendment would be futile.[14] Therefore, the Court will allow Plaintiff to file an amended complaint to correct the deficiencies identified herein.

## B.    Failure to Accommodate under the ADA

To state a plausible failure to accommodate claim under the ADA, Plaintiff must allege (1) she was disabled; (2) she was otherwise qualified for the position; (3) she requested a reasonable accommodation; and (4) Defendant refused to accommodate her disability.[15]  Magistrate Judge Severson found that Plaintiff's Complaint fails to provide any information supporting this claim. Plaintiff attempted to address the deficiencies in her "Response/Objections" by stating that she "disclosed her abilities to Defendant during the interview process and upon accepting the job, consistently requesting [sic] reasonable accommodations, such as the ability to sit during extended periods of work, but these requests were ignored or dismissed by Defendant."

Plaintiff's response satisfies the third and fourth elements of her claim in that she alleges she requested being able to sit during long periods of work and that Defendant refused her request. But, her claim is still deficient in that she has not alleged sufficient facts showing she was disabled as that term is defined under the ADA or otherwise qualified for the position.  The Court has

---

[14] *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (citations omitted).

[15] *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020) (citations omitted).

addressed these deficiencies above and refers Plaintiff to that discussion.  Additionally, to the extent Plaintiff requested accommodations from Defendant other than the ability to sit during extended periods of work, Plaintiff needs to specifically identify them.  Again, given Plaintiff's pro se status, the Court will allow Plaintiff to file an amended complaint to address the deficiencies in this claim.

## C.    Retaliation under the ADA

Plaintiff must allege the following elements to state a retaliation claim under the ADA: "(1) [s]he engaged in a protected activity; (2) [s]he was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action."[16]  In the R&R, Magistrate Judge Severson found no facts supporting this claim.  Plaintiff did not allege why she was terminated, what protected activity she was engaging in, or if there is any relationship between her termination or any such protected activity.

Plaintiff's "Response/Objections" addresses these deficiencies.  Plaintiff alleges that she requested to sit during long periods of work, that this request was a reasonable accommodation, and that this request is a protected activity.  Plaintiff also alleges that she was terminated on September 22, 2022, via text message without any regard to performance or conduct.  Finally, Plaintiff alleges that she believes her termination was the result of requesting reasonable accommodations related to her disability.  These factual allegations are sufficient to state a claim

---

[16] *See Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178) (10th Cir. 1999) (internal quotations omitted)).

for retaliation. Therefore, the Court will allow Plaintiff to amend her Complaint to include the allegations set forth in her "Response/Objections" as to this claim.

Plaintiff also alleges that she was terminated in direct retaliation for reporting instances of harassment and discrimination. To the extent Plaintiff attempts to base her retaliation claim on such reporting, the Court notes that Plaintiff has not provided any factual allegations to support these statements. She does not say when or how she reported harassment and discrimination to her employer.

Overall, Plaintiff's "Response/Objections," only addresses some of the deficiencies noted by Magistrate Judge Severson in the R&R. Because Plaintiff proceeds pro se, the Court grants her leave to file a revised version of this document with the following corrections: (1) the document is renamed "Amended Complaint" and (2) Plaintiff includes factual allegations addressing the deficiencies noted in this Order. If Plaintiff does not meet these requirements, then the Court will issue an Order adopting Magistrate Judge Severson's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff has 14 days from the date of this Order to file an Amended Complaint addressing the issues identified in this Order.

**IT IS SO ORDERED**.

Dated this 26th day of November, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE