IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AWNTANY SWEPSON,

    *Plaintiff,*

vs.

WICHITA MARRIOTT,

    *Defendant.*

Case No. 24-CV-1144-EFM-BGS

**MEMORANDUM AND ORDER**

    Pro se Plaintiff Awntany Swepson filed this lawsuit against Defendant Wichita Marriott asserting claims under the Americans with Disabilities Act ("ADA") for disability discrimination, failure to accommodate, and retaliation. This matter comes before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 16). Defendant asks the Court to dismiss Plaintiff's disability discrimination and failure to accommodate claims for failure to state a claim. For the following reasons, the Court grants Defendant's Motion.

### I.    Factual and Procedural Background

    Plaintiff began her employment at Defendant Wichita Marriott on August 16, 2022, in the role of host of the M-Club lounge. She also served on the hospitality team. Plaintiff's duties included cleaning and setting up function rooms, ensuring cleanliness and sanitation of the hotel, and transporting linens for cleaning.

Plaintiff suffers from plantar fasciitis and a lower ankle injury. She alleges that these impairments substantially limit one or more major life activities, including but not limited to standing, walking, weight-bearing, and lifting. Plaintiff also has been diagnosed with post-traumatic stress disorder, which affects her stress tolerance, emotional regulation, and interpersonal interactions.

Plaintiff disclosed her medical conditions to Defendant during the hiring process. She claims that she repeatedly requested reasonable accommodations, including the ability to sit during extended periods of work. Plaintiff alleges that Defendant ignored her requests and instead subjected her to harassment and a hostile work environment.

On September 14, 2022, Plaintiff was seated due to her medical conditions when one of Defendant's employees approached her and yelled, "Get up off your ass and check on your room." This interaction occurred in front of other employees, exacerbating Plaintiff's stress and discomfort. On September 22, 2022, the same employee allegedly harassed Plaintiff while Plaintiff was returning from checking on a room service order. Later that same day, Plaintiff was terminated via text message from her supervisor, without any explanation regarding her performance or conduct.

Plaintiff filed a charge with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") on September 28, 2022. The EEOC issued a Notice of Right to Sue on May 29, 2024. She filed her initial Complaint in this Court on August 23, 2024. United States Magistrate Judge Severson issued a Report and Recommendation ("R&R") recommending that this case be dismissed because the Complaint failed to state a claim. Plaintiff then filed an "Amended Answer to Complaint" addressing some, but not all, of the deficiencies in her Complaint. In reviewing Magistrate Judge Severson's R&R, the Court addressed the

deficiencies in Plaintiff's "Amended Answer to Complaint," and provided explicit instructions on how to remedy each of her deficiencies. The Court also granted her leave to file an amended complaint. Plaintiff then filed her Amended Complaint.

Plaintiff's Amended Complaint alleges that Defendant discriminated against her on the basis of her disability, failed to provide reasonable accommodations, and retaliated against her in violation of the ADA. Defendants now move to dismiss Plaintiff's claims for disability discrimination and failure to accommodate pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the district court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[1] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[2] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[3] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[4] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative

---

[1] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[3] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); see also Fed. R. Civ. P. 8(a)(2).

[4] *Iqbal*, 556 U.S. at 678-79.

possibilities.[5] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[6]

Plaintiff is a pro se litigant, and therefore her pleadings must be liberally construed.[7] However, the district court is not permitted "to assume the role of advocate for the pro se litigant."[8] The district court should not "supply additional factual allegations to round out a Plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9] A plaintiff's pro se litigant status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[10]

### III.   Analysis

**A.   Discrimination under the ADA**

To state a plausible discrimination claim under the ADA, Plaintiff must show that (1) she is "disabled," as that term is defined under the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) she was discriminated against because of her disability.[11] Defendant seeks dismissal of this claim on the

---

[5] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[6] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[8] *Id.*

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

[10] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[11] *Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1173 (D. Kan. 2017) (citing *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016)).

basis that Plaintiff does not plausibly allege either that she is "disabled" under the ADA or that she is qualified to perform the essential functions of the job, with or without reasonable accommodation.

### 1. Plaintiff does not sufficiently allege she is disabled.

A person is "disabled" under the ADA if she has "a physical or mental impairment that substantially limits one or more major life activities."[12] To meet this definition, "a plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities."[13] Defendant contends that the Amended Complaint does not contain allegations showing how Plaintiff's physical impairments substantially limit one of her major life activities. The Court agrees.

According to the Tenth Circuit, "[a]n impairment is substantially limiting when it renders an individual either unable or significantly restricted in her ability to perform a major life activity compared to the average person in the general population."[14] Here, Plaintiff's Amended Complaint states that her plantar fasciitis and lower ankle injury are physical impairments "that substantially limit one or more major life activities, including but not limited to standing, walking, weight-bearing, and lifting." This is the same allegation that Plaintiff previously included in her "Amended Answer to Complaint," and which the Court informed her was insufficient. As the Court previously stated, this statement only contains a recitation of the claim element. It does not adequately allege

---

[12] 42 U.S.C. § 12102(1)(A).

[13] *Carter v. Pathfinder Energy Servs., Inc*., 662 F.3d 1134, 1142 (10th Cir. 2011) (quoting *Berry v. T–Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007)).

[14] *Id*. at 1143 (quoting *Johnson v. Weld Cnty., Colo*., 594 F.3d 1202, 1218 (10th Cir. 2010)).

facts showing how Plaintiff's impairments prevent or significantly restrict her ability to perform major life activities.

In response to Defendant's Motion, Plaintiff argues that she is not required to provide medical documentation or testimony at this stage of the litigation. She further argues that she recently received a fibromyalgia diagnosis from the Department of Veteran Affairs, and this diagnosis reinforces the struggles she faced while employed by Defendant. This argument, however, is not persuasive. Plaintiff does not offer any further facts as to how her physical impairments substantially limit her major life activities. Furthermore, when reviewing the allegations in the Amended Complaint, the Court cannot look to documents outside the pleading.[15] Therefore, Plaintiff's fibromyalgia diagnosis is irrelevant to the Court's analysis, particularly because Plaintiff never included her fibromyalgia diagnosis as a basis for her disability claim. Accordingly, the Court finds that Plaintiff fails to plausibly allege that she is disabled under the ADA.

*2.   Plaintiff does not allege that she is qualified to perform the essential functions of the job.*

Whether Plaintiff is qualified to perform the essential functions of her job, with or without reasonable accommodation, is a two-part inquiry: "(1) whether Plaintiff can perform the essential functions of the job; and (2) if [s]he is unable to perform the essential functions of [her] job, whether any reasonable accommodation by the employer would enable [her] to perform those

---

[15] *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("[I]n determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

functions."[16] Here, Plaintiff alleges that she requested reasonable accommodations from Defendant, but she does not allege whether she could or could not perform her job duties. She also does not allege whether she could perform her job duties with reasonable accommodations. The Court noted these deficiencies in its prior Order and explained to Plaintiff how to allege sufficient facts for this element of her claim. But, like the "Amended Answer to Complaint," the Amended Complaint completely ignores this element. Therefore, Plaintiff fails to state a claim for disability discrimination under the ADA.

**B.     Failure to Accommodate under the ADA**

To state a plausible failure to accommodate claim under the ADA, Plaintiff must allege (1) she was disabled; (2) she was otherwise qualified for the position; (3) she requested a reasonable accommodation; and (4) Defendant refused to accommodate her disability.[17] As the Court noted above, Plaintiff has not alleged sufficient facts showing that she was disabled under the ADA or that she was otherwise qualified for her position. Therefore, Plaintiff fails to state a claim for failure to accommodate under the ADA.

**C.     Leave to Amend**

Plaintiff asks the Court for leave to amend her Amended Complaint to supplement any gaps in her pleading that the Court identifies and to include her fibromyalgia diagnosis and "further determinations regarding polyarthritis." Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." "Refusing leave to amend is generally only justified upon a

---

[16] *Gipson v. Bear Commc'ns, L.L.C.*, 2016 WL 3743106, at *5 (D. Kan. July 13, 2016) (citing *Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 887–88 (10th Cir. 2015)).

[17] *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020) (citations omitted).

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[18]

To the extent Plaintiff seeks leave to amend her Amended Complaint to supplement any deficiencies the Court identifies in this Order, the Court denies her request. Plaintiff has been given multiple opportunities to remedy her deficiencies and instructions by the Court as to how to do so. Furthermore, Plaintiff's response does not provide any additional allegations that would allow Plaintiff's claims to survive Defendant's Motion.[19] The Court therefore denies Plaintiff's request for leave to amend her Amended Complaint to cure the deficiencies noted by the Court in this Order.

The Court also denies Plaintiff's request to add her fibromyalgia diagnosis and polyarthritis determination to her Amended Complaint because it would be futile. The addition of these medical conditions does not cure the deficiencies in Counts I and II of Plaintiff's Complaint, and they are not an element of her retaliation claim.[20] Additionally, under D. Kan. Rule 15.1(b), a party who requests leave to file a pleading must attach a proposed pleading to the motion for leave. Here, Plaintiff has not provided a copy of her proposed amended complaint. Therefore, the Court denies Plaintiff's request for leave to amend.

---

[18] *Frank v. U.S.West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[19] *See Peoples v. Wichita State Univ.*, 2018 WL 5013488, at *2 (D. Kan. Oct. 16, 2018) (considering the factual allegations in the pro se plaintiff's response to the defendant's motion to dismiss because they were consistent with the allegations in the plaintiff's complaint).

[20] *See Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (stating that a plaintiff who asserts a retaliation claim must allege that "(1) [s]he engaged in a protected activity; (2) [s]he was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action." (internal quotation marks and citation omitted)).

-9-

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 16) is **GRANTED**. Counts I and II of Plaintiff's Amended Complaint are dismissed. Count III of Plaintiff's Amended Complaint is the only remaining count.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE